IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers 620 F Street, N.W. Washington, D.C. 20004, <br><br> Plaintiff, <br><br> v. <br><br> AVALANCHE CONSTRUCTION GROUP, INC. 54 Boerum Street, Apt. 21M Brooklyn, New York 11206, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

(TO COLLECT CONTRIBUTIONS AND OTHER AMOUNTS
DUE TO EMPLOYEE BENEFIT FUND AND FOR EQUITABLE RELIEF)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1. Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The International Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The International Pension Fund is administered at 620 F Street, N.W., in Washington D.C. The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided

in the International Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund.

2. Defendant Avalanche Construction Group, Inc. is a New York corporation and has an office located at 54 Boerum Street, Apt. # 21M, in Brooklyn, New York, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

3. This is an action to collect contributions and other amounts due to an employee pension benefit plan under the terms of a collective bargaining agreement and trust agreement and for other appropriate equitable relief. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant Avalanche Construction Group, Inc. has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers Local Union No. 1 – New York ("Collective Bargaining Agreements"), that govern the wages, benefits and terms and conditions of employment of employees performing work for the Defendant.

2

7.  Pursuant to the Collective Bargaining Agreements the Defendant agreed to pay certain sums of money to the Plaintiff for all hours of work it performed which is covered by the Collective Bargaining Agreements.

8.  During the months of November 2014 through the present, the Defendant performed work covered by the Collective Bargaining Agreements.

9.  During the months of November 2014 through the present, the Defendant has failed to report and pay all amounts owing to the Plaintiff as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

10. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment.

11. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed.

12. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and

Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees and costs of collection.

## COUNT I

### (REPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND – 1-NY-62 and 1-NY-66)

13. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14. During various months from November 2014 through July 2017, the Defendant reported, but failed to pay, contributions owing to the International Pension Fund under the Collective Bargaining Agreements for work performed in Local Union No. 1-NY, cover groups 62 and 66, in the amount of $319.41. In addition, the Defendant has failed to pay interest owed on this amount at the rate of 15% per annum from the date due of each monthly payment, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or $63.88 in liquidated damages calculated at the rate of 20% of the total contributions owed.

15. By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

16. Plaintiff is entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15% per annum from the date due of each month payment, plus an amount equal to the greater of an additional calculation of interest on the

unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

## COUNT II

## (UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND – 1-NY-62, 1-NY-64, 1-NY-66)

17. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 16 as if fully set forth in this Count II.

18. During the months of August 2017 through the present, the Defendant failed to report and pay all contributions owing to the International Pension Fund under the Collective Bargaining Agreements for covered work performed in Local 1-NY, cover groups 62, 64 and 66.

19. Because Defendant has failed to comply with its duty to submit monthly hour remittance reports, Plaintiff is not able to determine the precise amount of contributions owed by the Defendant for covered work performed during these months. Moreover, because Defendant has not consistently reported hours for work performed in cover groups 62 and 64, Plaintiff is not able to estimate the hours worked or contributions owed for work performed in these two cover groups. Based on the Defendant's reporting history in cover group 66, however, Plaintiff is able to estimate the hours worked and amount of contributions due to the International Pension Fund by Defendant for covered work performed by Defendant in Local 1-NY, cover group 66, during these months.

20. The most recent 12 months for which Defendant reported hours to the Plaintiff for covered work performed in Local 1-NY, cover group 66, was August 2016 to July 2017.

21. During the period of August 2016 to July 2017, Defendant reported a total of 6,416 hours, or an average of 535.5 hours per month for covered work performed in Local 1-NY, cover group 66.

22. The applicable contribution rate payable to the Plaintiff for work performed in Local 1-NY, cover group 66, during the period of August 2017 through the present is $1.07 per hour.

23. The Defendant therefore owes estimated monthly contributions of $572.99 per month during each month from August 2017 through May 2018 for covered work performed in Local 1-NY, cover group 66, for a total amount due of $5,729.85. In addition to this amount, the Defendant also owes the Plaintiff contributions, in an amount to be determined, for work performed in cover groups 62 and 64 during the period August 2017 through the present.

24. Under the Collection Procedures and ERISA, the Defendant also owes interest at the rate of 15% per annum from the due date of each monthly payment, and in addition an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed.

25. By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

26. The Plaintiff is entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15%, plus an amount equal to the

greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

27. Plaintiff will also seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment for Local 1-NY, cover group 1.

## COUNT III

### (AMOUNTS OWED FOR LATE CONTRIBUTION PAYMENTS)

28. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 27 as if fully set forth in this Count III.

29. Defendant paid the contributions owed for work performed in Local 1-NY, cover group 66, under the Collective Bargaining Agreements during the months of November 2016 through July 2017 after the due date.

30. Pursuant to the International Pension Fund's Restated Agreement and Declaration of Trust and the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, the International Pension Fund is entitled to assess employers that submit required monthly fringe benefit contributions by the due date for such payments with interest at the rate of 15% per annum from the due date of each monthly payment, and in addition an amount equal to the greater of an additional calculation of interest on the late paid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total late paid contributions.

31. Defendant failed to submit its contributions for work performed in Local 1-NY, cover group 66, from November 2016 through July 2017 by the due date for such payments. Defendant therefore owes, and has failed to pay to the Plaintiff, the interest plus the greater of additional interest or liquidated damages owed as a result of these late payments.

32. The Plaintiff is entitled to judgment against the Defendant for liquidated damages on the late paid contributions in the amount of $602.50 (calculated at the rate of 20% of the late paid contributions, minus a $1,050.00 partial payment), plus interest to be calculated at the rate of 15% per annum from the due date of each payment.

## COUNT IV

## (INJUNCTIVE RELIEF)

33. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 32 as if fully set forth in this Count IV.

34. Defendant, pursuant to the Collective Bargaining Agreements, Plaintiff's Restated Agreement and Declaration of Trust and the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, agreed to report hours and make timely contributions to the Plaintiffs in the amounts and on the dates required by the Collective Bargaining Agreements, Restated Agreement and Declaration of Trust, and General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers

35. Defendant has repeatedly failed to submit timely reports and pay contributions to the Plaintiff. Plaintiff's counsel has had to pursue payments and demand payments from the Defendant in order to force the Defendant to pay delinquent contributions as required by the terms of the Collective Bargaining Agreements, Restated Agreement and Declaration of Trust, and General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers.

36. This persistent disregard for the contribution and reporting obligations constitutes a violation of the terms of ERISA and an employee benefit plan and threatens the Plaintiff, and the Plaintiff's participants and beneficiaries, with irreparable harm if injunctive relief is not granted.

37. By virtue of the failure to make timely payments, the Defendant has caused the Plaintiff and its participants to suffer the loss of investment income and incur additional administrative expenses as well as deprived the Plaintiff and its participants of the ability to accurately determine the amount of contributions owed and credit earned by employees during that time period.

38. The public interest will be served by an issuance of injunctive relief.

**WHEREFORE,** Plaintiff prays judgment on Counts I, II, III and IV as follows:

A. For unpaid contributions due and owing to the Plaintiff for work performed during various months from November 2014 through July 2017 in the amount of $319.41 as alleged in Count I, plus interest (calculated at the rate of 15% per annum from the due date of each payment through the date paid), plus an amount equal to the greater of an additional calculation of interest (calculated at the rate of 15% per annum from the due date of each payment through the date paid) or $63.88 in liquidated damages (calculated at the rate of 20% of the delinquent contributions).

B. For estimated unpaid contributions in the amount of $5,729.85 due and owing to the Plaintiff for work performed during the months of August 2017 through May 2018 in Local 1-NY, cover group 66, plus unpaid contributions in an amount to be determined for work performed during these months in cover groups 62 and 64, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20%

of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

      C.      For $602.50 in liquidated damages (calculated at the rate of 20% of the delinquent contributions) for late paid contributions owed for work performed in Local 1-NY, cover group 66, under the Collective Bargaining Agreements from November 2016 through July 2017, plus interest to be calculated at the rate of 15% per annum from the due date of each payment, as provided for in the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

      D.      That the Defendant be directed to comply with its obligations to correctly report and contribute to the Plaintiff in a timely manner in the future.

      E.      Costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreement, Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

      F.      For such contributions, interest, liquidated damages, and reasonable attorneys' fees and costs that may accrue and/or are found to be due and owing to the Plaintiff after May 2018, subsequent to the filing of this Complaint, during the pendency of this action, and up through the date of judgment.

      G.      Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: May 30, 2018

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Eighth Floor
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
rhopp@odonoghuelaw.com

By: _____
R. Richard Hopp (Bar No. 432221)
*Attorney for the Plaintiff*